## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **CHRIS WADE SHOPPACH,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **Case No. 1:22-CV-01134-SH** |
| **KILOLO KIJAKAZI,** | § | |
| **Acting Commissioner of the Social** | § | |
| **Security Administration,** | § | |
| *Defendant* | § | |

## ORDER

Before the Court are Plaintiff's Opening Brief, filed May 30, 2023 (Dkt. 14); Defendant's Brief in Support of the Commissioner's Decision, filed July 27, 2023 (Dkt. 17); Plaintiff's Reply, filed August 7, 2023 (Dkt. 18); and the Social Security record (Dkt. 11).

### I.    Background

Plaintiff Chis Wade Shoppach asks the Court to reverse the Social Security Commissioner's final administrative decision denying him disability insurance benefits under Title II of the Social Security Act. Shoppach, who was 61 years old at the time of the Commissioner's decision, was born September 29, 1960 and completed the 12th grade in May 1979. Dkts. 11-2 at 2, 11-6 at 8. From January 2005 to April 2020, Shoppach worked as a supervisor at a drywall company, six hours per day, five days per week. Dkt. 11-6 at 8.

Shoppach filed an application for disability insurance benefits on May 22, 2020, alleging a disability onset date of April 4, 2020. Dkt. 11-3 at 2. He alleged that he is unable to work due to vision problems, hearing loss, depression, and back problems, and that he has not engaged in substantial work activity since the alleged onset date. Dkt. 11-6 at 7-8. The Commissioner denied Shoppach's application initially and on reconsideration. Dkt. 11-4 at 7, 11. Shoppach requested a hearing before an Administrative Law Judge ("ALJ"). Dkt. 11-2 at 15. ALJ Bill Jones held a video

hearing on January 7, 2022. *Id.* Shoppach and Melissa Brassfield, a vocational expert, testified at the hearing, at which Shoppach was represented by counsel. *Id.* at 40. On March 29, 2022, the ALJ issued a decision finding that Shoppach was not disabled under the Act. *Id.* at 25. The Appeals Council denied Shoppach's request for review on September 14, 2022. Dkt. 11-2 at 2.

Shoppach has exhausted his administrative remedies and now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). Shoppach asks the Court to vacate the Commissioner's decision and remand for a *de novo* hearing and new decision.

## II.   Standard of Review

### A.  Five-Step Evaluation Process

The Social Security Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether a Social Security claimant is disabled, the Commissioner uses a sequential, five-step approach, considering whether:

> (1) the claimant is currently engaged in substantial gainful activity;
>
> (2) the claimant has a severe medically determinable physical or mental impairment that has lasted or is expected to last for a continuous period of at least 12 months, or combination of impairments that is severe and meets the duration requirement;
>
> (3) the impairment meets the severity of an impairment enumerated in 20 C.F.R. Pt. 404, Subpt. P, App. 1;
>
> (4) the claimant can perform his past relevant work given his residual functional capacity; and
>
> (5) the claimant's residual functional capacity, age, education, and work experience prevents him from performing other work.

20 C.F.R. § 404.1520(a)(4). The burden of proof is on the claimant at the first four steps. *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017). The burden of proof shifts to the Commissioner at the fifth step to establish the existence of other available substantial gainful employment that a

claimant can perform. *Id.* at 753-54. If the Commissioner identifies such employment, the burden shifts back to the claimant to prove that he could not perform the alternative work identified. *Id.* at 754.

If a claimant's impairment does not meet or equal a listed impairment, the Commissioner must assess the claimant's residual functional capacity ("RFC") "based on all the relevant medical and other evidence in your case record." 20 C.F.R. § 404.1520(e). A claimant's RFC "is a determination of the most the claimant can still do despite his [or her] physical and mental limitations and is based on all relevant evidence in the claimant's record." *Kneeland*, 850 F.3d at 754 (citing 20 C.F.R. § 404.1545(a) ("Your residual functional capacity is the most you can still do despite your limitations.")). In determining a claimant's RFC, an ALJ "examines the medical evidence in the record, including the testimony of physicians and the claimant's medical records." *Webster v. Kijakazi*, 19 F.4th 715, 718 (5th Cir. 2021). The RFC assessment must include a resolution of any inconsistencies in the evidence. *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001).

**B.  Judicial Review of the ALJ Decision**

Federal courts review the Commissioner's denial of Social Security benefits only to ascertain whether (1) the final decision is supported by substantial evidence, and (2) the Commissioner used the proper legal standards to evaluate the evidence. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficient evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

Courts consider four elements of proof when determining whether there is substantial evidence of a disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). But the court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018). The court may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). "If the Commissioner's findings are supported by substantial evidence, they must be affirmed." *Newton*, 209 F.3d at 452.

### III.   ALJ Opinion

The ALJ evaluated Shoppach's claims under the five-step sequential evaluation process. The ALJ found that Shoppach met the insured status requirements of the Social Security Act through December 31, 2025. Dkt. 11-2 at 17. At step one, the ALJ determined that Shoppach had not engaged in substantial gainful activity since the alleged onset date. *Id.* At step two, the ALJ found he has three "severe" impairments: depression, hearing loss, and vision loss. *Id*. at 17-18.

At step three, the ALJ found that Shoppach did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. at 18-21. The ALJ determined that Shoppach had the "residual functional capacity to perform a full range of work at all exertional levels," but with several "nonexertional limitations." *Id.* at 20. The ALJ found that Shoppach should:

> avoid work requiring excellent vision or reading print smaller than that which is found in children's books, avoid work requiring excellent hearing, can do work where interpersonal contact is routine but superficial, e.g. grocery checker, complexity of tasks is learned by experience, several variables, judgment within limits, and supervision is little for routine tasks but detailed for non-routine.

4

*Id.*

At step four, the ALJ determined that Shoppach would be unable to perform his past relevant work as drywall application supervisor because the skill requirements exceeded his RFC. *Id.* at 24. At step five, the ALJ consulted a vocational expert. who testified that jobs exist in the national economy for an individual of Shoppach's age, education, work experience, and RFC, including industrial sweeper cleaner and laundry worker,. *Id.* at 25. Based on the vocational expert's testimony, the ALJ found that Shoppach could make a successful adjustment to other work that exists in significant numbers in the national economy and was not disabled. *Id.*

## IV.    Analysis

Shoppach argues that the ALJ's decision is not supported by substantial evidence because he found the opinions of the state agency consultants to be persuasive without evaluating the "supportability" and "consistency" factors under 20 C.F.R. § 404.1520c(a). The Commissioner responds that the ALJ fulfilled his duty to consider the state agency consultants' opinions by stating that the opinions were persuasive because they were supported by objective medical evidence in the record and were consistent with later treatment notes.

### A. Guidelines for Evaluating Medical Opinions

In determining a claimant's RFC, "[m]edical opinions, especially conflicting medical opinions, must be considered." *Kneeland*, 850 F.3d at 759. Under the rules for evaluating medical opinions at 20 C.F.R. § 404.1520c, the ALJ must consider "all medical opinions and prior administrative medical findings" in the case record. *Camarillo v. Comm'r of Soc. Sec.*, No. SA-20-CV-01019-ESC, 2021 WL 5332310, at *6 (W.D. Tex. Nov. 16, 2021); *see also Wallace v. Kijakazi*, No. 3:22-CV-0820-X-BH, 2023 WL 2795854, at *8 (N.D. Tex. Mar. 20, 2023) ("*Every* medical opinion is evaluated regardless of its source."), *R. & R. adopted*, 2023 WL 2801207 (N.D. Tex. Apr. 5, 2023).

On January 18, 2017, the Social Security Administration updated the rules on the evaluation of medical evidence for claims filed after March 27, 2017. 82 Fed. Reg. 5853 (Jan. 18, 2017). "ALJs are no longer required to give controlling weight to a treating physician's opinion, as was mandated by federal regulations and our caselaw in the past." *Webster*, 19 F.4th at 718-19. Although the regulations no longer require ALJs to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s)," the ALJ must consider all "medical opinions" for their "persuasiveness" using the factors outlined in the rule. 20 C.F.R. § 404.1520c(a). These factors include supportability, consistency, relationship with the claimant, length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, examining relationship, specialization, and other factors, such as whether the medical source has familiarity with the other evidence in the claim. *Id.* § 404.1520c(c). The most important factors are supportability and consistency. *Id.*

The ALJ must "articulate in [the] decision how persuasive [he] finds all of the medical opinions and all of the prior administrative medical findings in [the claimant's] case record." *Id.* § 404.1520c(b). The ALJ also must "explain how [he] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings." *Id.* § 404.1520c(b)(2). "Supportability" means that a medical source's opinion is "more persuasive" when it is supported by relevant objective medical evidence and explanations presented by the same medical source. *Chavarria v. Kijakazi*, No. 22-CV-00407, 2023 WL 3984857, at *2 (W.D. Tex. June 13, 2023) (citing 20 C.F.R. § 404.1520c(c)), *R. & R. adopted*, 2023 WL 4237594 (W.D. Tex. June 28, 2023). "Consistency" means that a medical opinion is "more persuasive" when it coincides "with the evidence from other medical sources and nonmedical sources in the claim." *Id.* (citing 20 C.F.R. § 404.1520c(c)(2)). In other words,

"supportability looks internally to the bases presented by the medical opinion itself," while "consistency is an external inquiry that juxtaposes a medical opinion to other evidence in the record, including opinions of other medical professionals." *Id.* (quoting *Sharon H. v. Kijakazi*, No. 5:21-CV-167-H, 2022 WL 3951488, at *3 (N.D. Tex. Aug. 31, 2022)). The ALJ may, but need not, explain how he considered the remaining factors. 20 C.F.R. § 404.1520c(b)(2).

The ALJ's explanation of persuasiveness must "enable the court to undertake a meaningful review of whether his finding with regard to the particular medical opinion was supported by substantial evidence" and must not "require the court to merely speculate about the reasons behind the ALJ's persuasiveness finding or lack thereof." *Probst v. Kijakazi*, No. EP-22-CV-00286-RFC, 2023 WL 3237435, at *4 (W.D. Tex. May 3, 2023) (quoting *Cooley v. Comm'r of Soc. Sec.*, 587 F. Supp. 3d 489, 499 (S.D. Miss. 2021)). Courts have held that this requires the ALJ to articulate "a discernible 'logic bridge' between the evidence and the ALJ's persuasiveness finding." *Id.* (citation omitted); *Chavarria*, 2023 WL 3984857, at *3; *Ramirez v. Saul*, No. SA-20-CV-00457-ESC, 2021 WL 2269473, at *6 (W.D. Tex. June 3, 2021).

## B.  The ALJ Properly Addressed Supportability and Consistency

Shoppach challenges the ALJ's reliance on the opinions of state agency consultants, Dr. William Harrison and Dr. Judith Forte. Dkt. 11-2 at 23. In determining the persuasiveness of their opinions, the ALJ explained that:

> The State Agency Consultants determined the claimant could perform semi-skilled work regardless of exertion level but that the claimant experiences some hearing and communicative limitations. Although these professionals did not physically examine the claimant they are well versed in the assessment of functionality as it pertains to the disability provisions of the Social Security Act, as amended. The objective medical evidence in the record at the time of their assessments, including the audiology testing and eye exams, supports their opinions. Their opinions are also consistent with later treatment notes from Northwest Medical Plaza at Sugar Creek and vision exams performed in 2021 and 2022.

*Id.*

The ALJ evaluated supportability by considering the medical evidence in the record, specifically noting Shoppach's audiology testing and eye exams. He then found that the state agency consultants' opinions were consistent with evidence that they did not review in making their opinions. While this part of the decision is brief, the ALJ's discussion of the persuasiveness "is not confined to the specific discussion of the opinion itself but is considered in light of the entire RFC discussion and the evidence discussed therein." *Garner v. Kijakazi*, No. 1:22-CV-0563-DH, 2023 WL 1976713, at *5 (W.D. Tex. Feb. 13, 2023) (collecting cases); *see also Chavarria*, 2023 WL 3984857, at *4 (considering other sections of ALJ decision in persuasiveness analysis).

The ALJ considered Shoppach's testimony together with the objective medical evidence and other evidence to assess Shoppach's RFC. The ALJ determined that Shoppach's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence or Shoppach's activities of daily living. Dkt. 11-2 at 20-22. The ALJ considered the diagnoses and treatment notes from three treating physicians (Dr. Mary Sullivan, Dr. Austin Bell, and Dr. Micah Thomason), none of whom provided an opinion on Shoppach's limitations. *Id.* at 22. The ALJ also reviewed Shoppach's audiology and eye exam scores. He noted several eye exam scores taken between 2020 and 2022, the most recent of which documented visual acuities of 20/150. *Id.* The ALJ also noted that Shoppach participated in audiology testing in February 2020, which did not provide evidence of:

> a word recognition score of 40% or less in the better ear determined using a standardized list of phonetically balanced monosyllabic words. Nor does the record include evidence of an average air conduction hearing threshold of 90 decibels or greater in the better ear and an average bone conduction hearing threshold of 60 decibels or greater in the better ear.

*Id.* at 18. The ALJ found that Shoppach's function reports and testimony at the administrative hearing was inconsistent with his alleged symptoms, noting that Shoppach reported "the ability to live alone, care for pets, prepare meals, perform household chores, mow the lawn, maintain a small

home garden, reluctantly drive a vehicle, go out alone, shop in stores, by telephone, by mail, and by computer, pay bills, and count change." *Id.* at 22. The ALJ also stated that although Shoppach had used hearing aids since 2012, the record did not reflect any additional treatment for hearing loss. *Id.* at 21. In light of the ALJ's consideration of the entire record, the Court finds that his supportability and consistency analysis is sufficient.

## C.  The RFC Was Not Impermissibly Vague

Shoppach argues that the ALJ's decision is not supported by substantial evidence because the state agency consultant's opinions are vague and lack vocational terms. The ALJ stated that Shoppach should "avoid work requiring excellent vision or reading print smaller than that which is found in children's books." Dkt.11-2 at 20. Shoppach argues that the ALJ's articulation of the RFC makes it

> impossible for a subsequent reviewer to glean from either opinion how Plaintiff's auditory and visual limitations impact Plaintiff's ability to perform related work activity, what visual and hearing activities Plaintiff still remains capable of performing, and for how long Plaintiff is capable of performing such hearing or visual activities within a given workday.

Dkt. 14 at 16.

This Court has rejected similar arguments. *See, e.g.*, *Cruz v. Kijakazi*, No. SA-21-CV-01246-ESC, 2022 WL 17039318, at *5 (W.D. Tex. Nov. 17, 2022) (rejecting argument that RFC stating that claimant could follow "detailed but not complex" instructions was impermissibly vague). Shoppach cites *Harmon v. Astrue*, No. 5:09-CV-2765, 2011 WL 834138, at *4 (N.D. Ohio Feb. 8, 2011), *R. & R. adopted*, 2011 WL 825710 (N.D. Ohio Mar. 4, 2011), for its holding that an ALJ's failure to define "a significant number" of work interruptions or absences in the claimant's RFC was reversible error. The issue in that case, however, was that portions of the vocational expert's testimony were contradictory. *Id.* The vocational expert testified provided inconsistent testimony about the number of days an individual could be absent per month. *Id.* The court found that without

a definition of "significant" or clarification of the vocational expert's testimony, the ALJ's decision lacked substantial evidence. *Id.* No similar issue exists here. Shoppach, who was represented by counsel, also did not object to the ALJ's hypothetical to the vocational expert at the administrative hearing on this ground.

## D.  Any Error Was Harmless

Even if the ALJ erred in addressing the supportability and consistency factors, the error would be harmless. It is well-established that "procedural perfection in administrative proceedings is not required as long as the substantial rights of a party have not been affected." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (cleaned up). Procedural errors constitute bases for remand only where they cast into doubt the existence of substantial evidence to support the ALJ's decision. *Gonzales-Sargent v. Barnhart*, No. SA-06-CA-0355-XR, 2007 WL 1752057, at *9 (W.D. Tex. June 15, 2007) (citing *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1998)).

Shoppach concedes that the state agency consultants provided the only opinion evidence about his auditory and visual limitations. It is undisputed that there is no opinion evidence in the record supporting limitations beyond those found by the ALJ, and the ALJ cannot rely on his own interpretation of raw medical data in the absence of a medical opinion. *Garcia v. Berryhill*, No. EP-17-CV-00263-ATB, 2018 WL 1513688, at *2 (W.D. Tex. Mar. 27, 2018). Shoppach argues that the ALJ failed to fully develop the record related to his visual and auditory impairments.

The ALJ's duty to fully develop the record must be balanced against the fact that the claimant bears the burden of proof in the first four steps of the evaluation process. *Randolph v. Soc. Sec. Admin.*, No. 20-01156, 2021 WL 5813005, at *3 (E.D. La. Nov. 17, 2021), *R. & R. adopted*, 2021 WL 5795301 (E.D. La. Dec. 7, 2021). The ALJ is required to request more documentation only where there is no relevant evidence from other treating sources. *Jones v. Astrue*, 691 F.3d 730, 733

(5th Cir. 2012). Shoppach, who was represented by counsel, had the opportunity to request an additional medical opinion or indicate that the record needed additional development at the administrative hearing, but did not do so. He does not identify what evidence would have been produced had the record been more fully developed. *Brock v. Chater*, 84 F.3d 726, 729 (5th Cir. 1996) ("Brock points to no evidence that, had the ALJ developed the record further, would have been adduced at the hearing and that could have changed the result. We will not reverse the decision of an ALJ for lack of substantial evidence where the claimant makes no showing that he was prejudiced in any way by the deficiencies he alleges.").

Because there is no opinion evidence in the record supporting additional impairments, any error the ALJ may have made in considering the state agency consultants' opinions is harmless.

## V.    Conclusion

The Court **AFFIRMS** the decision of the Social Security Commissioner.

**SIGNED** on August 30, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE